FILED

Nov. 19, 2019

Clerk, U.S. District Court
District of Montana
Great Falls Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-105-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| JASON BIRDTAIL, JR., | |
| Defendant. | |

## I. Synopsis

Defendant Jason Birdtail, Jr. (Birdtail) has been accused of violating the conditions of his supervised release. The court treated alleged violations 1 and 2 as a single violation given that they involved the same conduct. Birdtail admitted that he had violated the conditions of his supervised release by failing to successfully complete his substance abuse treatment program at Connections Corrections. The government did not attempt to prove alleged violation 3. Birdtail's supervised release should be revoked. Birdtail should be placed in custody for 10 months, with no supervised release to follow.

## II. Status

Birdtail pleaded guilty to Assault Resulting in Serious Bodily Injury on February 9, 2015. (Doc. 30). The Court sentenced Birdtail to 33 months of custody, followed by 2 years of supervised release. (Doc. 43). Birdtail's current term of supervised release began on October 21, 2019. (Doc. 87 at 1).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Birdtail's supervised release on November 5, 2019. (Doc. 87). The Petition alleged that Birdtail had violated the conditions of his supervised release: 1) by failing to complete his 60-day term at Connections Corrections; 2) by failing to successfully complete his substance abuse treatment program at Connections Corrections; and 3) by knowingly interacting with a convicted felon without first obtaining the approval of his probation officer.

**Initial appearance**

Birdtail appeared before the undersigned for his initial appearance on November 19, 2019. Birdtail was represented by counsel. Birdtail stated that he had read the petition and that he understood the allegations. Birdtail waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on November 19, 2019. The Court treated alleged violations 1 and 2 as a single violation given that they involved the same conduct. Birdtail admitted that he had violated the conditions of his supervised release by failing to successfully complete his substance abuse treatment program at Connections Corrections. The government did not attempt to prove alleged violation 3. The violation that Birdtail admitted is serious and warrants revocation of Birdtail's supervised release.

Birdtail's violation is a Grade C violation. Birdtail's criminal history category is II. Birdtail's underlying offense is a Class C felony. Birdtail could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 14 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Birdtail's supervised release should be revoked. Birdtail should be incarcerated for 10 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Birdtail that the above sentence would be

recommended to Judge Morris. The Court also informed Birdtail of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Birdtail that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court also informed Birdtail of his right to allocute before Judge Morris. Birdtail stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Jason Birdtail, Jr. violated the conditions of his supervised release by failing to successfully complete his substance abuse treatment program at Connections Corrections. The government did not attempt to prove alleged violation 3.

The Court **RECOMMENDS:**

> That the District Court revoke Birdtail's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of 10 months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 19th day of November, 2019.

John Johnston
United States Magistrate Judge